IN UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>SEAN CHRISTOPHER WILLIAMS | DOCKET NO: 1:23-CR-61<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR CONTINUANCE AND EXTENSION OF DEADLINE TO FILE PRETRIAL MOTIONS |

The United States opposes Defendant's motion to extend docket call and the pretrial motions deadline (Doc. No. 23) and asks this Court to deny Defendant's motion.

**BACKGROUND AND PROCEDURAL HISTORY**

A federal grand jury sitting in the Western District of North Carolina returned a True Bill against Defendant in a one-count Bill of Indictment on August 1, 2023. (Doc. No. 1). Due to Defendant's criminal proceedings in the Eastern District of Tennessee, Defendant did not appear in this District for an initial appearance until February 25, 2025. Defendant requested court appointed counsel at his arraignment on February 28. The Court appointed Emily M. Jones of the Federal Defender's Office.

Defendant's first docket call setting was for May 5, 2025. Prior to making his current motion, Defendant has moved to extend the pretrial motions deadline seven times and moved to continue trial three times (without objection from the United States). His current pretrial motion deadline is October 17, 2025, and his trial is scheduled for the November 3, 2025, term.

On October 9, 2025, a notice of attorney update was submitted by the Federal Defender's Office, internally reassigning the case to Federal Defender John Baker and Assistant Federal

1

Defender Carson Smith. On October 16, Defendant filed his instant motion to extend the pretrial motions deadline and to continue docket call.

## ARGUMENT

The Court should deny Defendant's request to continue the trial and extend the pretrial motions deadline. Since his arraignment on February 28, 2025, Defendant has received seven extensions of the pretrial motions deadline:

- From April 3 to April 18, 2025 (Doc. No. 12);
- From April 18 to May 19, 2025 (Doc. No. 13);
- From May 19 to June 13, 2025 (Doc. No. 15);
- From June 13 to July 14, 2025 (Doc. No. 16);
- From July 14 to August 15, 2025 (Doc. No. 18);
- From August 15 to September 16, 2025 (Doc. No. 19); and
- From September 16 to October 17, 2025 (Doc. No. 22).

Defendant also requested and received three prior continuances of the trial. Defendant has had over six additional months to file pretrial motions and try the case. The reasons cited in his motion for another continuance and extension of the filing deadline are inadequate.

The Government produced full discovery to Defendant on February 28 and March 5, 2025, and is unaware of the unresolved discovery issues Defendant raises in his motion.

Defendant's recent substitution of counsel was a voluntary, internal reassignment of the case within the Federal Defender's Office. The Federal Defender's Office sought and received seven extensions of the filing deadline and three trial continuances before making that reassignment. An internal reshuffle of this nature does not justify a continuance or an extension

2

of the filing deadline. And new counsel appeared in the case on October 9, eight days before the Court's filing deadline. Defendant asserts that the reassignment was made due to work on an unrelated case. *United States v. Simmons* (1:25-CR-71). Simmons allegedly committed his crimes on June 30, 2025. Defendant had already received four extensions to the pretrial motions deadline and two trial continuances prior to Simmons' new crimes, and Simmons was not indicted until October 7.

Plea discussions have not interfered with Defendant's ability to file—or at least prepare—pretrial motions. The Government provided a plea agreement and factual basis in this case on February 27, 2025. Defendant's motion fails to explain why plea negotiations prevented him from filing any motions. Motions practice and plea discussions typically proceed in tandem.

Defendant has had ample opportunity to review the discovery and file pretrial motions. Defendant's motion fails to provide a reasonable basis for an eighth extension. The United States asks this Court to deny Defendant's extension of the pretrial motions deadline.

The United States similarly opposes Defendant's request for a continuance of his trial in this matter. This case is the older of Defendant's two cases pending before this Court. Undersigned counsel is to be on extended leave beginning early to mid-January through late March 2025. This case is not complex, and the Government is prepared to proceed during the November 3 term.

RESPECTFULLY SUBMITTED, this the 17th day of October, 2025.

        RUSS FERGUSON
        UNITED STATES ATTORNEY

/s/ Annabelle Chambers
SPECIAL ASSISTANT UNITED STATES ATTORNEY
North Carolina Bar No.: 55735
U.S. Courthouse
100 Otis Street, Room 233
Asheville, NC 28801
(828) 271-4661
Email: annabelle.chambers@usdoj.gov

4